# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DAVID PAIR,**

        Petitioner,

    v.                              CASE NO. 17-3078-JWL

**NICOLE ENGLISH,**

        Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner at the United States Penitentiary, Leavenworth, Kansas (USPL), challenges an administrative disciplinary proceeding that resulted in the loss of Good Conduct Time (GCT).

**Background**

On November 12, 2015, a plumbing foreman at the Federal Correctional Institution, Schuykill, Pennsylvania, discovered approximately four gallons of intoxicants, sugar, and the heating element from an iron in a cell assigned to petitioner and another prisoner. A test of the intoxicants with the Alco-Sensor III yielded a "Hi" reading, indicating .500 or greater.[1]

The Alco-Sensor equipment had been calibrated ten days earlier, on November 2, 2015. Under Bureau of Prisons policy, the equipment must be calibrated every thirty days.[2]

On the same day, the staff member wrote an Incident Report charging petitioner with violating Code 113, Possession of

---

[1] Doc. 6, Attach., 1, Bittenbender decl., par. 10, Ex. D, Incident Report No. 2782817.
[2] Id., par. 12, Ex. G, Alco-Sensor calibration log.

Intoxicants, and Code 305, Possession of Anything Not Authorized.[3]

Petitioner received the Incident Report on the same day. At the same time, he was advised of his rights and stated he understood them. He requested a staff representative but did not request witnesses. The Incident Report was sent to the Unit Discipline Committee (UDC) for review.

On November 17, 2015, petitioner appeared before the UDC but offered no statement. The UDC referred the matter to the Discipline Hearing Officer (DHO).[4]

On the same day, petitioner received a Notice of Discipline Hearing before the DHO advising him of the specific violations alleged. Petitioner also received a copy of the Inmate Rights at Discipline Hearing, which included the right to have a staff representative assist him at the hearing, the right to present documentary evidence, and the right to present a statement or to remain silent. Petitioner signed both forms.[5]

On November 23, 2015, the DHO conducted a hearing. Petitioner again requested a staff representative but did not request witnesses or offer documentary evidence. Although petitioner requested Kevin McGinley as his representative, he was not available to assist on the day of the hearing. The DHO advised petitioner that the hearing could be postponed or he could proceed with a different staff representative. Petitioner chose to proceed, and Lieutenant Schreffler was appointed to assist him.[6]

The evidence against petitioner consisted of the incident report describing the discovery and photographs taken by the investigating

---

[3] *Id.*, Ex. D.
[4] *Id.*, Bittenbender decl., par. 15 and Ex. D.
[5] *Id.*, par. 17 and Exs. I & J.
[6] *Id.*, par. 20-21 and Ex. K.

officer showing the bags found in the cell, the hole behind the cell toilet where the bags were concealed, the number of the cell where the bags were discovered, and the Alco-Sensor III showing the reading. Petitioner gave a statement at the hearing professing his innocence and stating he had been assigned to the cell for over a year.[7]

The DHO found petitioner committed the violation of Possession of Intoxicants in violation of Code 113 but expunged the related charge of Possession of Anything Not Authorized. The DHO found the weight of the evidence was that the amount of the intoxicants, approximately four gallons, made it unlikely petitioner was unaware of the presence of intoxicants in the cell and that both of the cell's occupants had access to the area where the bags were hidden.[8]

As sanctions, the DHO imposed 60 days of disciplinary segregation, disallowed 40 days of Good Conduct Time, forfeiture of 400 days of Non-Vested Good Conduct Time, 8 months loss of telephone privileges, and 8 months loss of visiting privileges.

Petitioner was advised of the DHO's decision and the appeal procedure. On December 2, 2015, the DHO issued a written report with a statement of the evidence supporting the decision and the reason for the sanctions. Petitioner received the report on the same day.[9]

Petitioner seeks relief from the disciplinary finding on these grounds: (1) he was sanctioned more harshly than other, similarly-situated prisoners; (2) the appointment of Lieutenant Schreffler violated due process because petitioner requested another staff member as a representative; and (3) he was entitled to have the intoxicants tested.

---

[7] *Id.*
[8] *Id.*, Bittenbender decl., par. 29 and Ex. K.
[9] *Id.*, par. 33.

**Discussion**

To obtain habeas corpus relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An application for habeas corpus filed under Section 2241 challenges the execution of a sentence rather than its validity. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).

Petitioner has a constitutionally protected liberty interest in his earned good conduct time. *See Brown v. Smith*, 828 F.2d 1493, 1494 (10th Cir. 1987). He therefore was entitled to due process in the disciplinary proceedings which resulted in the loss of good conduct time and other sanctions.

A prison disciplinary proceeding is not a criminal prosecution and does not provide a prisoner with the "full panoply of rights due a defendant in (criminal) proceedings". *Wolff v. McDonnell*, 418 U.S. 539, 561 (1974). In *Wolff*, the United States Supreme Court set the benchmark for due process in prison disciplinary proceedings, holding that a prisoner must receive (1) advance written notice of the violation charged no less than 24 hours prior to the hearing, an opportunity to call witnesses and present documentary evidence where doing so would not be "unduly hazardous to institutional safety or correctional goals", and a written statement from the factfinder stating the reasons for the decision and the supporting evidence. *Wolff*, 418 U.S. at 563-66. Due process in this context requires only that there be "some evidence" to support the disciplinary findings. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

Prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They were] not designed

to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, a failure to strictly follow administrative regulations "does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993)(citing *Davis v. Scherer*, 486 U.S. 183, 194 (1984)).

**Severity of sanctions**

Under BOP Program Statement 5270.09, [10] effective August 1, 2011, a violation of Code 113, *Possession of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia, not prescribed for the individual by the medical staff*, is classified as a Greatest Severity Level Prohibited Act. Sanctions authorized for such a violation include parole date rescission or retardation, forfeiture of withholding of earned or non-vested good conduct time up to 100%, and/or termination or disallowance of extra good time, disciplinary segregation of up to 12 months, and other measures.

The sanctions imposed on petitioner are within the range of penalties allowed for a Greatest Severity Level Prohibited Act under PS 5270.09.

Petitioner appears to claim that the sanctions imposed on him violated equal protection and were based on his race and the fact that he is a District of Columbia prisoner.

Equal protection principles require that all persons who are similarly situated be treated alike in legislative classifications or other official action. *See City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Equal protection applies to administrative acts. *Engquist v. Oregon Dept. of Agri.*, 553 U.S. 591, 597 (2008). To prevail, petitioner must show that the sanctions

---
[10] Doc. #6, Attach. 1, Ex. B.

imposed in the disciplinary proceeding treated him differently than other prisoners who were similarly situated. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).

In support of his claim, petitioner cites two cases, *Livingston v. Oddo*, 2016 WL 4765908 (M.D. Pa. Sep. 13, 2016), and *Weakley v. Shartle*, 2015 WL 2082852 (D. Ariz. May 4, 2015), *report and recommendation adopted*, 2015 WL 4600348 (D. Ariz. Jul. 30, 2015).

In *Livingston*, a federal prisoner in Yazoo, Mississippi, was found guilty of possessing 4 gallons of intoxicants under Code 222. Livingston admitted his guilt and was punished with a twenty-seven day disallowance of GCT, one hundred eighty days restriction on commissary purchases, and thirty days in disciplinary segregation.

In *Weakley*, a federal prisoner in Tucson, Arizona, was found guilty under Code 222 of possessing two large bags of intoxicants found in an area adjacent to his cell. Weakley was sanctioned with thirty days in disciplinary segregation, one year loss of telephone privileges, and one year loss of commissary purchases. Because Weakley was serving a life sentence, he could not earn GCT.

These cases, while similar, do not persuade the Court that petitioner was denied equal protection by the disciplinary action. First, at the time of the findings in *Livingston* and *Weakley*, the possession of intoxicants was a prohibited act under Code 222 and was classified as a High Severity Level Prohibited Act. In August 2011, the violation was changed to Code 113, a Greatest Severity Level Prohibited Act, a category punishable with higher sanctions. Petitioner was convicted in 2015, after the violation was classified at the Greatest Severity Level with higher available sanctions.

Next, as respondent points out, petitioner's bare claim of racial discrimination is not supported because the petitioner in *Livingston*, like petitioner, is African-American. And there is no evidence that petitioner's status as a District of Columbia prisoner was known to the DHO or entered into the decision.

Third, in imposing the harsher penalties on petitioner, the DHO cited his prior misconduct of possession of intoxicants as well as institutional safety concerns related to the consumption of intoxicants.

The Court finds no merit to petitioner's claim of an equal protection violation.

### Staff representative

A prisoner has no constitutional right to a staff representative in administrative disciplinary proceedings. *See Jordan v. Wiley*, 411 Fed.Appx. 201, 209 (10th Cir. 2011). Rather, due process requires that a prisoner receive assistance from a staff member only if the prisoner is illiterate or the issues presented are so complex that the prisoner could not prepare and present the evidence. *See Wolff*, 418 U.S. at 570. *See also Marshall v. Champion*, 1996 WL 187535, at *2 (10th Cir. Apr. 18, 1996)(finding no constitutional violation arising from the failure to appoint a staff representative).

Petitioner does not contend that he is illiterate or that the issues presented were so complex that the assistance of a staff representative was required. The record shows he was assisted by a staff member, and there is no requirement that he be provided the representative of his choice. *See Hammock v. Nash*, 2005 WL 2562295, *4 (M.D. Pa. 2005)(unpublished decision)(*Wolff* "does not mandate that a prisoner has the right to be afforded a staff representative of his

choosing.").

Petitioner was not denied due process by the appointment of Lieutenant Schreffler as his staff representative.

### Testing of intoxicants

Petitioner also alleges error in the failure to allow him to conduct additional testing of the contents of the bags to establish alcohol was present.

It is well-established that due process requires that the findings of a DHO be supported by "some evidence" in the record. *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454-56 (1985). Here, the record contains evidence of the discovery of the bags and of the positive reading detected by the Alco-Sensor III on contraband found in petitioner's cell. That evidence is sufficient to satisfy the governing standard, and the failure to require additional testing did not deny petitioner due processs. *See, e.g.*, *Staples v. O'Brien*, 2016 WL 8732324, *8 (N.D.W.Va. Jul. 22, 2016)(evidentiary standard met where DHO considered memorandum reflecting liquid was tested with Alco-Sensor III and registered positive reading, although no photograph of reading was taken to document); *Collins v. Martinez*, 2010 WL 4272923, *9 (M.D.Pa. Oct. 25, 2010)(same where test of prisoner's coat, soaked with intoxicants after bag ruptured, yielded positive reading on Alco-Sensor although breathalyzer reading did not detect alcohol); and *Henderson v. Morris*, 2007 WL 4289978, *3 (E.D.Tex. Dec. 3, 2007)(same where contents of bottle tested positive by Alco-Sensor IV, and stating "constructive possession provides sufficient evidence of guilt when relatively few inmates have access to the area").

Likewise, because it does not appear that petitioner specifically presented this claim at the hearing, where he stated he was innocent of the charge, or that he presented it in his administrative appeals, the claim is not properly exhausted.[11]

**Conclusion**

For the reasons set forth, the Court sustains the disciplinary finding and the sanctions imposed on petitioner by the DHO.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is denied.

**IT IS SO ORDERED.**

DATED: This 7th day of August, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
U.S. District Judge

---

[11] Doc. #6, Attach. 2, pp. 30-31 and 34.